# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DEMETRIUS GARNER,**
           **Plaintiff,**

    v.                                                           Case No. 13-C-0569

**N.E.W. INDUSTRIES, INC., et al.,**
           **Defendants.**

---

## DECISION AND ORDER

Demetrius Garner, who is African American, worked as a machine operator for N.E.W. Industries, Inc., a manufacturing company located in Sturgeon Bay, Wisconsin. After the company terminated Garner's employment, he commenced this lawsuit under 42 U.S.C. § 1981, alleging that he had been subjected to discrimination on the basis of race. Garner names the company as a defendant, but he also seeks to hold several of the company's employees individually liable. Unlike Title VII of the Civil Rights Act of 1964, section 1981 authorizes individual liability, provided that the individual was personally involved in the acts of discrimination. See, e.g., Smith v. Bray, 681 F.3d 888, 896 (7th Cir. 2012). In the present case, the individual defendants have moved to dismiss some of the plaintiff's claims on the ground that the complaint does not sufficiently allege that they were personally involved in the discriminatory conduct. See Fed. R. Civ. P. 12(b)(6). I address that motion in this order.

According to the allegations of the complaint, which I accept as true for purposes of this motion, the plaintiff was subjected to a racially hostile work environment throughout the course of his employment at the company. The hostile environment was created by

the plaintiff's Caucasian coworkers, who made racially offensive comments to him on a regular basis. The plaintiff complained about this harassment to his supervisor and to management-level employees, but according to the complaint their response to his complaints were inadequate. Eventually, the plaintiff was put on some form of administrative leave while management purportedly investigated his complaints. When management called the plaintiff back to work, he was informed that he was being terminated.

The individual defendants that plaintiff has sued are the following: (1) Chris Moore, the president and owner of the company; (2) Jeff Moore, the company's vice president of operations; (3) Dave Moore, the company's manufacturing director; (4) Terri Delarwelle, the plaintiff's immediate supervisor; and (5) Mary Hurley, a human-resources representative. In response to the individual defendants' motion to dismiss, the plaintiff decided to abandon his claims against Mary Hurley. Thus, four individual defendants remain. I will discuss each in turn.

### A. Chris Moore

Chris Moore concedes that the plaintiff has stated a claim against him for discharging the plaintiff as retaliation for complaining about racial harassment. However, he moves to dismiss the plaintiff's claim for discharging the plaintiff because he is African American. But retaliatory discharge and discriminatory discharge are not separate claims. A "claim" is a demand for relief from an identified injury, which may be supported by different legal theories. Lindh v. Murphy, 96 F.3d 856, 874–75 (7th Cir. 1996). The injury here is the plaintiff's termination, and the relief sought is back-pay and other compensation. "Retaliation" and "discrimination on the basis of race" are alternative legal theories offered

in support of the plaintiff's single claim for unlawful termination. Here, Chris Moore concedes that the plaintiff has a valid claim for unlawful termination, and thus there is nothing to dismiss. The plaintiff's racial-termination legal theory might not be well-supported by the allegations of the complaint, but because complaints need not plead legal theories in the first place, see, e.g., Currie v. Chhabra, 728 F.3d 626, 629 (7th Cir. 2013), a court cannot "dismiss" a legal theory under Rule 12(b)(6).

**B.    Jeff Moore**

Like Chris Moore, Jeff Moore concedes that the plaintiff has stated a claim against him for discharging the plaintiff as retaliation for complaining about racial harassment. Jeff Moore also argues that the plaintiff's "claim" for terminating him on the basis of race should be dismissed, but as I have already explained, this is not a separate claim but an alternative legal theory which cannot be dismissed.

Jeff Moore also moves to dismiss the plaintiff's hostile-work-environment claim against him on the ground that he was not personally involved in the creation of that environment.[1] However, the plaintiff alleges that he complained to Jeff Moore about the harassment and that Moore did not take action to prevent the hostile work environment from persisting. This is sufficient to allege personal involvement under section 1981. See Francis v. Atlas Mach. & Welding, Inc., No. 11-6487, 2013 WL 592297, at *4 (E.D. Pa.Feb. 15, 2013); Smith v. Town of Hempstead Dept. of Sanitation, 798 F. Supp. 2d 443, 456

---

[1]Note that the plaintiff's hostile-work-environment claim is separate from his claim for unlawful termination. The former involves an injury (the humiliation and other harm caused by the hostile-work environment) that is distinct from the termination.

3

(E.D.N.Y. 2011); Brown v. New York State Dept. of Corr. Servs., 583 F. Supp. 2d 404, 411 (W.D.N.Y. 2008); Williams v. Doyle, 494 F. Supp. 2d 1019, 1028–29 (W.D. Wis. 2007).

Finally, Jeff Moore contends that the plaintiff's claim for discrimination in the "terms and conditions" of his employment should be dismissed. Although the plaintiff says that he is pursuing a claim for discrimination in the terms and conditions of his employment, it does not appear that that claim is any different from his hostile work environment claim. The "term and condition" that plaintiff seems to be referring to is the ability to work in an environment that is not racially hostile.[2] Thus, it does not appear that there is any separate "terms and conditions" claim to dismiss.

### C. Dave Moore

The plaintiff had originally named Dave Moore as a defendant to his claim for unlawful termination. However, in response to Dave Moore's motion to dismiss, the plaintiff agreed that he is not a proper defendant to that claim. The remaining claim against Dave Moore is the hostile-work-environment claim.[3] Dave Moore moves to dismiss this claim on the ground that the plaintiff has not adequately alleged that he was personally involved in the creation of the hostile work environment. But the allegations of the complaint indicate

---

[2]At a few points in the complaint, the plaintiff references other terms and conditions, such as the ability to work first rather than second shift and the ability to work on "new," automated machines. However, the plaintiff does not seem to be pursuing a separate claim based on these terms and conditions but instead uses them as additional support for his hostile-work-environment claim.

[3]Plaintiff purports to be pursuing a separate "terms and conditions" claim against Dave Moore, but as explained with respect to Jeff Moore, this claim does not appear to be distinct from the hostile work environment claim.

4

that Dave Moore was involved in the company's inadequate response to the plaintiff's complaints about racial harassment, and as I have already noted, an allegation that an individual failed to adequately respond to a complaint about racial harassment is sufficient to allege personal involvement under section 1981.

### D. Terri Delarwelle

The plaintiff originally claimed that Terri Delarwelle was liable for unlawful termination, but in response to her motion to dismiss he agreed that she was not personally involved in the decision to terminate him. The plaintiff continues to assert that Delarwelle is a proper defendant to the hostile-work-environment claim, and Delarwelle has not moved to dismiss that claim against her.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that the individual defendants' partial motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The plaintiff may proceed with his claim for unlawful termination against Chris Moore and Jeff Moore, and with his claim for hostile work environment against Jeff Moore, Dave Moore, and Terri Delarwelle. All claims against Mary Hurley are dismissed.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge